IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID WILLIAM COLVIN            )
                                )   No. 15-515
v.                              )

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for disability benefits, based on allegations of various physical impairments. Plaintiff's claim was denied initially and again upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied his request for review, and this appeal followed. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff first argues that the ALJ erred in failing to give controlling weight to the opinion of his treating physician, Dr. Ricci; he suggests that Dr. Ricci (who is referred to as a pain management doctor), rather than state agency consultant Dr. Reardon, should have been credited. The ALJ gave little weight to Dr. Ricci's February 29, 2012 opinion that Plaintiff is "permanently disabled" due to spine and joint issues, because disability is a finding reserved to the Commissioner, and because at that time, Dr. Ricci did not offer an opinion as to the specific disabling limitations. Dr. Ricci's additional opinions, offered in May, 2012 and May, 2013, were assigned little weight. The ALJ noted that the objective medical evidence failed to support the limitations opined to. He further considered the opinion of treating physician Dr. Angott, who opined that Plaintiff had no functional limitations at all. The ALJ fully set forth the objective

2

medical evidence that he considered. The ALJ is entitled to determine the worth of the available medical opinions, along with all the evidence, so long as he explains his reasons for doing so. Bang v. Colvin, 2014 U.S. Dist. LEXIS 101581, at *16 (E.D. Pa. July 25, 2014); Johnson v. Colvin, 2014 U.S. Dist. LEXIS 23973, at *32 (W.D. Pa. Feb. 25, 2014). Further, the ALJ is not required to give controlling weight to the opinion of a treating physician. Morgan v. Comm'r of Soc. Sec., 295 Fed. Appx. 490, 492 (3d Cir. 2008). Likewise, the ALJ adequately explained his reasons for crediting Dr. Reardon's report. Again, I am not permitted to reweigh the evidence; whether I would have reached a different conclusion is not determinative.

Next, Plaintiff contends that the ALJ failed to properly consider that Plaintiff would be off task and miss work to the extent that no jobs would be available to him. In support of this argument, Plaintiff points to his own testimony regarding sleep cycle dysregulation due to pain, missed days of work at his prior job, and the number of days per week where he "does absolutely nothing," his medication use for pain, and that he is most comfortable lying down. From this testimony, Plaintiff concludes that he would be off task a particular amount of time, or absent from work a particular number of days. In turn, the ALJ found Plaintiff not entirely credible, and Plaintiff does not assign error to the ALJ's credibility analysis. While I understand how Plaintiff reached these conclusions, this does not mean that it was error for the ALJ to fail to reach the same conclusions. Indeed, I find no error in that regard.

## CONCLUSION

For the foregoing reasons, while I empathize with Plaintiff's situation, I am constrained by applicable standards to find that the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

3

**ORDER**

AND NOW, this **31st** day of **March**, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's GRANTED.

BY THE COURT:

*Donetta W. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court